PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Chevrolet Cobalt struck a hole on Hillcrest Road, designated as County Route 23/1, in Fairmont, Marion County. Hillcrest Road is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:30 a.m. on August 24, 2009. Hillcrest Road is a curvy, hilly, and highly traveled secondary road that leads to Fairmont State University and Fairmont General Hospital. At the time of the incident, Claimant’s wife, Patricia Belle Hayes, was driving home from Fairmont General Hospital. Mrs. Hayes testified that she drives Hillcrest Road infrequently, and the last time she drove the road - three weeks prior to this incident - she had not noticed the hole in question. Mrs. Hayes stated that she saw the hole before her vehicle struck it, but was unable to avoid it because there was oncoming traffic preventing her from swerving, and following traffic preventing her from stopping. As a result of this incident, Claimant’s vehicle sustained damage to the front axle spindle and both front rims in the amount of $317.95. Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Hillcrest Road at the time of the incident. Michael Roncone, Highway Administrator for Respondent in Marion County, testified that he is familiar with Hillcrest Road, a secondary road. Mr. Roncone acknowledged that he was aware of a hole on Hillcrest Road prior to the date of the incident. However, according to Mr. Roncone, there had been rain in the area washing material out of the hole, and preventing Respondent crews from re-filling the hole.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the hole on Hillcrest Road. Since a hole in the travel portion ofthe road created a hazard to the traveling public, the Court finds respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $317.95
Award of $317.95.